UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 06-11943-RGS

PUMA AG RUDOLF DASSLER SPORT
and PUMA NORTH AMERICA, INC.,

v.

PAYLESS SHOESOURCE, INC.
and PAYLESS SHOESOURCE WORLDWIDE, INC.

MEMORANDUM AND ORDERS ON MOTIONS TO COMPEL
THE PRODUCTION OF DOCUMENTS

March 14, 2008

STEARNS, D.J.

This is an action arising out of defendants Payless ShoeSource, Inc., and Payless ShoeSource Worldwide, Inc. (collectively Payless), allegedly wrongful use of a trademark registered to plaintiff PUMA AG Rudolf Dassler Sport and PUMA North America, Inc. (collectively PUMA). PUMA claims that Payless's "Band" mark, or the mark shown in U.S. Trademark Registration No. 3,118,286 (the '286 Registration), is confusingly similar to PUMA's "Formstrip" mark, as shown in U.S. Trademark Registration No. 1,256,945 (the '945 Registration) and elsewhere in PUMA's advertising and marketing. Payless counterclaims for violation of unfair and deceptive trade practices. With the end of fact discovery fast approaching, it is apparent that neither party has made a good faith effort to respond to the other's discovery requests. As a result, both parties have filed motions to compel the production of documents. PUMA filed its motion on March 6, 2008. Payless responded in kind on March 10, 2008.

PUMA served its Requests for the Production of Documents (RFPs) on July 27, 2007. The eighty-five document requests can be distilled into five categories: (1) documents regarding PUMA and the PUMA Formstrip; (2) communications regarding the '286 Registration; (3) documents regarding the design of the mark appearing in the '286 Registration; (4) documents regarding the design and sale of Payless footwear bearing the mark appearing in the '286 Registration; and (5) documents regarding Payless's trademark dispute history. Payless responded with the commonplace boilerplate objections. In some instances, it objected to the scope of the request and agreed to produce certain subcategories of documents. In other instances, it refused to produce any documents. Payless has also not produced a privilege log.

Payless served its RFPs on March 30, 2007. Payless's twenty-eight requests also boil down to five categories: (1) documents regarding trademark searches, investigations, or surveys conducted by or on behalf of PUMA in connection with its Formstrip mark; (2) the results of any investigation, survey, or study concerning Payless or its products, advertising, marketing, shoe design, or pricing; (3) the extent to which PUMA has enforced its Formstrip mark against third parties; (4) actions taken by PUMA to communicate to Payless its belief that Payless has infringed the Formstrip mark prior to filing the lawsuit; and (5) sales data specific to the PUMA shoes asserted in the Second Amended Complaint. Like Payless, PUMA replied with a series of boilerplate objections, although it essentially agreed to produce (or make available for inspection) all documents relating to its Formstrip mark. It also has yet to produce a privilege log.

The Federal Rules of Civil Procedure require parties to respond to discovery requests in good faith. Both sides in this case, however, have embarked on the path of mutually assured self-destruction in order to achieve the short-sighted goal of frustrating the discovery process. The court's original scheduling order set November 12, 2007 as the end of fact discovery. That deadline has now been twice extended. First, to February 12, 2008, after the parties represented to the court in a joint motion that they were in the "process of producing documents." Second, to March 27, 2008, after the parties again represented that they had "been engaged in written discovery and document production." In allowing the most recent motion, the court warned that "no further extensions will be granted." It appears the parties have ignored that admonition. To date, Payless has produced 1,474 pages of documents, almost one-third of which are publicly available annual reports. PUMA has done no better, producing only four e-mails and fewer than ten other non-publicly available documents related to sales data. The parties have refused to supplement their production or confirm whether other documents even exist.[1] Such dilatory tactics are in contravention of the spirit of open discovery embodied in Fed. R. Civ. P. 26.

## ORDERS

Therefore, PUMA's motion to compel is <u>ALLOWED</u> in part. Within thirteen (13) days of the date of this Order, Payless shall produce, without limitation, all non-privileged documents and communications concerning: (1) PUMA and the PUMA Formstrip; (2) the

---

[1] Fed. R. Civ. P. 26(e)(1)(A) requires a party to supplement is discovery "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."

'286 Registration; (3) the design of the mark appearing in the '286 Registration; (4) the design and sale of Payless footwear bearing the mark appearing in the '286 Registration; (5) Payless's trademark dispute history; and (6) any other document it agreed to produce in response to PUMA's RFPs.  All privileged documents shall be listed on a privilege log, which must be produced by the same date or the court will deem the privilege waived.  Payless may produce these documents under the Protective Order approved by the court.  If Payless has already produced these documents or cannot do so because they do not exist, it shall file a statement to the court averring so.  The balance of the motion is DENIED.

Payless's motion to compel is also ALLOWED in part.  Within thirteen (13) days of the date of this Order, PUMA shall produce, without limitation, all non-privileged documents and communications concerning: (1) trademark searches, investigations, or surveys conducted by or on behalf of PUMA in connection with its Formstrip mark; (2) the results of any investigation, survey, or study concerning Payless or its products, advertising, marketing, shoe design, or pricing; (3) PUMA's efforts to enforce its Formstrip mark against third parties; (4) actions taken by PUMA to communicate to Payless its belief that Payless has infringed the Formstrip mark prior to filing the lawsuit; (5) sales data specific to the PUMA shoes asserted in the Second Amended Complaint; and (6) any other document it agreed to produce in response to Payless's RFPs.  All privileged documents shall be listed on a privilege log, which must be produced by the same date or the court will deem the privilege waived.  The documents may be produced pursuant to the Protective Order.  If PUMA has already produced these documents or cannot do so

because they do not exist, it shall file a statement to the court averring so.  The balance of the motion is DENIED.

The court reminds the parties (and their attorneys) of the potential sanctions available under Fed. R. Civ. P. 37.  Failure to abide by the court's Order may result in serious sanctions, including, but not limited to, the exclusion of evidence, the payment of attorneys' fees, and/or dismissal of the action or default judgment.  See Malloy v. WM Specialty Mortg. LLC, 512 F.3d 23 (1st Cir. 2008); Wilson v. Bradlees of New England, Inc., 250 F.3d 10 (1st Cir. 2001); Qualcomm Inc. v. Broadcom Corp., 2008 WL 66932 (S.D. Cal. January, 7, 2008).

                    SO ORDERED.

                    /s/ Richard G. Stearns

                    _____
                    UNITED STATES DISTRICT JUDGE